September 19, 1977

## 77–50   MEMORANDUM OPINION FOR THE DIRECTOR OF THE NAVY PETROLEUM AND OIL SHALE RESERVES, DEPARTMENT OF THE NAVY

### Transfer of Authority of the Secretary of the Navy to the Secretary of Energy—Naval Petroleum Reserve

This is in response to your request for our opinion concerning the effect of the Department of Energy Organization Act, Pub. L. No. 95–91, 91 Stat. 565 upon § 9 of the contract between the United States, acting through the Secretary of the Navy, and a major oil company.

The purpose of the contract was to provide a unit plan of development and operation in producing petroleum from the lands owned by the oil company and the Navy within the boundaries of Naval Petroleum Reserve No. 1. Section 9 of the contract in substance provides that:

(a) In the event the Operating Committee is unable to agree upon any matter arising in the performance of its functions, such matter shall be referred to the Secretary of the Navy for determination; and his decision in each instance shall be final and shall be binding upon Navy and the oil company.

(b) In the event the Engineering Committee is unable to agree unanimously upon any matter subject to determination by it, said Committee shall notify both Navy and the oil company thereof and shall refer such matter to the Secretary of the Navy for determination. Thereupon the Secretary of the Navy on his own initiative may, and upon the request of [the oil company] shall, submit the matter to an independent petroleum engineer, to be selected by him, for the purpose of securing an advisory report thereon from such engineer. The compensation and expenses of such engineer shall be borne by Navy and [the oil company] in the respective percentages then obtaining under Section 2, and a copy of such report shall be supplied to [the oil company]. After consideration

of the matter, the Secretary of the Navy shall render his decision thereon and such decision in each such instance shall be final and shall be binding upon Navy and [the oil company].

Section 307 of the Act provides in part:

There are hereby transferred to and vested in the Secretary all functions vested by chapter 641 of title 10, United States Code, in the Secretary of the Navy as they relate to the administration of and jurisdiction over—

(1) Naval Petroleum Reserve Numbered 1 (Elk Hills), located in Kern County, California, established by Executive order of the President, dated September 2, 1912. . . .

The question you have asked is whether the Secretary of the Navy's role in determining disputes under § 9 of the Contract has devolved upon the Secretary of Energy by reason of § 307 of the Act.

The Secretary of the Navy acquired his authority over and his responsibility for Naval Petroleum Reserve No. 1 by reason of the statutory provisions now codified in Chapter 641 of Title 10, United States Code. In the absence of that chapter, the Secretary of the Navy would have no authority to undertake to settle disputes between the United States and the oil company concerning the operation of Naval Petroleum Reserve No. 1. Because the Secretary of the Navy's role in settling disputes under the Contract was vested in him by Chapter 641 of Title 10, United States Code (as well as by agreement of the parties), and because the functions of the Secretary of the Navy under Chapter 641 have now been transferred to the Secretary of Energy by operation of law pursuant to § 307 of the Act, the function of the Secretary of the Navy under § 9 of the Contract has also been transferred to the Secretary of Energy.

The correctness of this conclusion can be more readily seen by assuming that the contract provided that disputes were to be settled by, for example, the Administrator of the Energy Research and Development Administration, an Office that will terminate when its functions are assumed by the Secretary of Energy. Act, §§ 301(a), 703. In such a case, it would be beyond dispute that the function of settling disputes under the hypothetical contract would vest in the Secretary of Energy. Because the Act provides in § 705(a) that all contracts in effect on the date the Act becomes effective shall remain in effect, it is clear that the hypothetical contract would not terminate. It is equally clear that the existence of the contract could not be a basis for continuing the otherwise terminated Office of the Administrator. Because the Secretary of the Navy has other duties in addition to those transferred to the Secretary of Energy, he will continue to hold his Office as Secretary of the Navy; however, this does not support a different result with respect to those of his functions transferred to the Secretary of Energy than would obtain in the hypothetical case above.

202

Accordingly, it is my opinion that § 307 of the Act transfers the function of resolving disputes under the Contract from the Secretary of the Navy to the Secretary of Energy when the Secretary of the Navy's other functions under Chapter 641, Title 10, United States Code, are transferred.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*